IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LEWIS L. JONES, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Case No. 19-cv-5935-JDW |
| | : | |
| JOSEPH KELLY, *et al.*, | : | |
| *Defendants*. | : | |

**MEMORANDUM**

Plaintiff Lewis L. Jones, a convicted prisoner currently incarcerated at SCI Frackville, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application for Leave to Proceed *In Forma Pauperis*. For the following reasons, the Court will permit Mr. Jones to proceed without immediately paying the filing fees, meaning the Court will grant the application to proceed *in forma pauperis*. However, for the reasons stated below, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Mr. Jones has not stated a claim on which relief can be granted.

**I.    FACTUAL ALLEGATIONS**

The Court accepts the facts in Mr. Jones's Complaint as true and construes them liberally in recognition of his status as a *pro se* plaintiff. The Complaint in this case is quite brief. Mr. Jones alleges that he was arrested on March 9, 2018. (ECF No. 2 at 2.)[1] From there, he was transported to the Norristown police station and placed in a cell. (*Id.*) He was later interrogated by unspecified police officers without counsel and without being given *Miranda* warnings. (*Id.*) Mr. Jones asserts that he falsely confessed under duress to unspecified crimes that he did not

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

commit and for which he was later convicted. (*Id.*) He seeks $20 million as a result of the stress he and his family have suffered. (*Id.* at 3.)

A review of public dockets reflects that Mr. Jones was convicted on May 7, 2019 in the Montgomery County Court of Common Pleas on numerous charges of aggravated indecent assault of a child, rape of a child, and related offenses. *See Commonwealth v. Jones*, CP-46-CR-2333-2018 (C.P. Montgomery Cty.) He was sentenced on August 16, 2019 to a prison term of ten to twenty years on the most serious charges. (*Id.*) Defendant Douglas Dolfman is listed on the state court docket as Mr. Jones's defense attorney, Defendants Lauren Marvel and Matthew Brittenburg of the Montgomery County District Attorney's Office are listed as prosecutors, Defendant Todd Eisenburg is listed as the trial judge, and Defendant Nicholas Dumas is identified as the arresting officer. (*Id.*) Mr. Jones's appeal of his conviction is currently pending. (*Id.*)

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Kokinda v. Pa. Dept. of Corrections*, 779 Fed. App'x 938, 941 (3d Cir. 2019). Moreover, because Mr. Jones is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Leave To Proceed *In Forma Pauperis*

Mr. Jones provided information demonstrating that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to proceed *in forma pauperis*. However, as a prisoner, under 28 U.S.C. § 1915(b), Mr. Jones must nonetheless pay the filing fee in installments. This requirement will be set forth in the Court's Order.

#### B. Plausibility Of Claims In The Complaint

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Jones has not stated a plausible claim here, for several reasons.

*First*, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Mr. Jones's claims. In that case, the Supreme Court held that to "recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Here, Mr. Jones's allegations—that he was arrested improperly and forced to give a confession—would ultimately render his conviction invalid. Thus, under *Heck*, he must demonstrate that the conviction has been reversed or set aside. It has not. To the contrary, the state court docket reflects that Mr. Jones is still pursuing a direct appeal. If he were to prevail in that action, he might be able to assert a claim. He cannot do so now.

*Second*, many of the Defendants are immune from suit. Judge Eisenberg is absolutely immune for any act he took in presiding over Mr. Jones's criminal trial. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). So too are the court staff—Defendants Iyonna Cooper-Jones and Sashea Cooper-Jones. *See See Lucarelli v. Norton*, Civ. A. No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991). (In any event, Mr. Jones does not allege that Ivonna Cooper-Jones or Sashea Cooper-Jones did anything wrong; he just mentions their names and positions.) Defendants Brittenburg and Marvel are immune for acts they undertook in their roles as prosecuting attorneys. *See See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

*Third*, Defendant Douglas Dolfman cannot be liable under Section 1983 because, as Mr. Jones's defense counsel, he is not a state actor. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

Fourth, and finally, Mr. Jones has not pled the elements of a claim of municipal liability to support his claim against the Montgomery County Sheriff's Department. Accordingly, the Court will dismiss this claim without prejudice. If Mr. Jones prevails in challenging his conviction, then he can revisit whether to bring an appropriate claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Jones leave to proceed *in forma pauperis*. However, the Court will dismiss the Complaint without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

Dated:  December 27, 2019